UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RUTH GALTIERI-CARLSON; DEANNA GALTIERI; DEANNA GALTIERI as guardian ad litem for CHRISTIAN GALTIERI-BROWN,

    Plaintiffs,

  v.

VICTORIA M. MORTON ENTERPRISES, INC.; VICTORIA M. MORTON, individually; SUDDENLY SLENDER; SUDDENLY SLENDER INTERNATIONAL; DOES 1 through 100; and ROES 101 through 200, INCLUSIVE,

    Defendants.

CIV. NO. S-08-1777 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' counsel John M. Laplante's motion to withdraw as attorney of record for defendants Victoria M. Morton, Victoria M. Morton Enterprises, Inc., Suddenly Slender and Suddenly Slender International. E.D. Cal. L.R. 83-182(a),(d); Cal. Rule Prof. Conduct 3-

1

700(C)(1)(f).[1]

Individual defendant Victoria Morton has yet to retain new counsel, and thus, if Mr. Laplante's motion is granted, she will proceed in pro per. Pursuant to Eastern District Local Rule 83-182(d):

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

In his affidavit submitted in support of the motion, Mr. Laplante set forth Ms. Morton's last known address. (Laplante Decl., filed Jan. 15, 2009, ¶ 7.) Further, counsel represents that he informed Ms. Morton of this motion by mail to her last known address. (Id. at ¶ 8.) Accordingly, the court finds that counsel has complied with the procedural requirements of Local Rule 83-182(d) with respect to Ms. Morton.

However, Eastern District Local Rule 83-183(a) provides, "A corporation or other entity may appear only by an attorney." While this rule bars a corporation from acting in pro per, it does not prevent counsel from withdrawing from representation of a corporation where good cause exists. See In re Truck-A-Way, S-03-112 FCD/JFM, Order, filed May 26, 2004 (permitting counsel to withdraw from representation of corporate entity); Thomas G. Ferruzo, Inc. v. Superior Court, 104 Cal. App. 3d 501 (1980) (holding that counsel could withdraw from representation of

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

1 corporate entity due to non-cooperation by client and non-payment
2 of attorney fees). Mr. Laplante represents in his affidavit that
3 he advised the corporate entity defendants by mail, through their
4 representative Ms. Morton, that a corporate defendant may not
5 appear in pro per, and that a corporation may appear only by
6 legal counsel. (Laplante Decl., ¶ 8.) Further, Mr. Laplante set
7 forth defendant corporations' last known addresses, and
8 represents that he informed these defendants of this motion by
9 mail to these addresses. (Id. at ¶¶ 7-8.) Accordingly, the
10 court finds that counsel has complied with the notice
11 requirements with respect to the defendant corporations.

12    Local Rule 83-182(d) further provides that "[w]ithdrawal as
13 attorney is governed by the Rules of Professional Conduct of the
14 State of California, and the attorney shall conform to the
15 requirements of those rules." California Rule of Professional
16 Conduct, Rule 3-700(C)(1)(f) permits, but does not require, an
17 attorney to withdraw where the client "breaches an agreement or
18 obligation to the member as to expenses or fees." In his
19 affidavit, Mr. Laplante represents that "[d]efendants' billing
20 account has been in arrears with Laplante, Spinelli, Donald, &
21 Nott. Notwithstanding numerous promises and several extensions
22 of time, it continues to be in substantial arrears without
23 payment. No payments have ever been received in this case."
24 Based on this representation, the court finds that counsel has
25 satisfied Rule 3-700(C)(1)(f)'s grounds for permissive
26 withdrawal.

27    Notwithstanding the above, Rule 3-700(a) provides that "a
28 member shall not withdraw from employment until the member has

3

taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client[.]"  Here, defendants will not suffer injustice or delay if counsel is permitted to withdraw.  Plaintiffs' complaint was filed less than six months ago, formal discovery has yet to begin, and trial in this matter is set for April 20, 2010.  Defendants have sufficient time to retain substitute counsel, and for that lawyer to become familiar with the case and relevant issues.

Accordingly, defendants' counsel John M. Laplante's motion to withdraw as attorney of record is GRANTED.  Victoria Morton, as an individual, shall appear in the above entitled case pro per.  The Clerk of the Court is directed to add Ms. Victoria Morton to the service list; her address is 1620 N. Hercules Avenue, Suite G, Clearwater, Florida, 33765.  Corporate defendants Victoria M. Morton Enterprises, Inc., Suddenly Slender and Suddenly Slender International may not appear in this case without counsel.  The addresses for these corporate defendants are as follows: Victoria M. Morton Enterprises, Inc., c/o Victoria Morton, 1620 N. Hercules Avenue, Suite G, Clearwater, Florida, 33765; Suddenly Slender, c/o Victoria Morton, 1620 N. Hercules Avenue, Suite G, Clearwater, Florida, 33765; Suddenly Slender International, c/o Victoria Morton, 1620 N. Hercules Avenue, Suite G, Clearwater, Florida, 33765.

This case is hereby referred to the magistrate judge assigned to this case for all pre-trial purposes.  See 28 U.S.C.

4

1 | § 636(b)(1)(B); E.D. Cal. L.R. 72-302(c)(21).
2 |     IT IS SO ORDERED.
3 | DATED: February 25, 2009

```
                              FRANK C. DAMRELL, JR.
                              UNITED STATES DISTRICT JUDGE
```