IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARILYN DILLARD, et al.,

       Plaintiffs,                  No. CIV S-08-1339 FCD GGH PS

   vs.

VICTORIA M. MORTON ENTERPRISES, et al.,

       Defendants.                ORDER

_____/

RUTH GALTIERI-CARLSON, et al.,

       Plaintiffs,                  No. CIV S-08-1777 FCD GGH PS

   vs.

VICTORIA M. MORTON ENTERPRISES, et al.,

       Defendants.

_____/

        Pending before the court is plaintiffs' request for entry of default against defendants Victoria M. Morton Enterprises, Inc., Suddenly Slender, and Suddenly Slender International, filed August 14, 2009.  By order of September 8, 2009, this court directed all

1

corporate defendants, including Pyramid Consulting and Investment Company, to retain counsel. No defendant has filed a substitution of counsel.

Nin months have passed since counsel withdrew as attorney for the corporate defendants, and no appearance has been made by an attorney representing defendants Victoria M. Morton Enterprises, Inc., Suddenly Slender, Suddenly Slender International, and Pyramid Consulting and Investment Company, Inc.  "A corporation or other entity may appear only by an attorney."  Local Rule 83-183(a).  Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities "pro se."  Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [T]hat rule applies equally to all artificial entities."); United States v. High Country Broadcasting Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder).

The corporate defendants were forewarned that their failure to appear through counsel might result in a default being entered against them.[1]  The undersigned has no choice but to order entry of default against these defendants.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' August 14, 2009 request for entry of default against defendants Victoria M. Morton Enterprises, Inc., Suddenly Slender, and Suddenly Slender International, is granted.  Default shall also be entered against defendant Pyramid Consulting and Investment Company, Inc.

---

[1] Victoria Morton may not sign pleadings on behalf of corporate defendants, as she purported to do in regard to the stipulated request for extension of case management dates.  (Dkt. #32.)

1  2. The Clerk of the Court is directed to enter default against defendants Victoria M. Morton Enterprises, Inc., Suddenly Slender, and Suddenly Slender International, and Pyramid Consulting and Investment Company, Inc.

DATED: November 24, 2009                    /s/ Gregory G. Hollows

                                            GREGORY G. HOLLOWS
                                            U. S. MAGISTRATE JUDGE

GGH:076:Dillard1339.def.wpd