IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUTH GALTIERI-CARLSON, et al.,

    Plaintiffs,     No. 2:08-cv-01777 FCD KJN PS

    v.

VICTORIA M. MORTON
ENTERPRISES, INC., et al.,

    Defendants.     <u>ORDER</u>

_____/

        Presently before the court is plaintiffs' amended motion to strike the answer of defendants Victoria M. Morton Enterprises, Inc., Suddenly Slender, and Suddenly Slender International (the "Corporate Defendants"), which is set for a hearing on September 2, 2010. (Dkt. No. 40.)  Plaintiffs request that the Corporate Defendants' answer to plaintiffs' First Amended Complaint be stricken as a sanction for the Corporate Defendants' failure to appear in this action through counsel and to otherwise defend themselves.  The court's docket does not reflect the filing of any written opposition to plaintiffs' motion.  Having concluded that oral argument would not materially assist the court, the undersigned hereby submits plaintiff's motion on the briefs and record on file and will vacate the hearing date.  For the reasons that follow, the undersigned will also grant plaintiff's motion and order that the answer to plaintiffs' First

1

Amended Complaint (Dkt. No. 21) on file herein be stricken to the extent that it was filed on behalf of the Corporate Defendants.

I.     BACKGROUND

This products liability action, which involves injuries to plaintiffs allegedly caused by a product manufactured and distributed by defendants, has a long and tortured procedural history.[1]  It is substantially recounted here for the sake of clarity.

On July 31, 2008, plaintiffs filed their complaint in this court against the Corporate Defendants and Victoria M. Morton, an individual.  (Dkt. No. 1.)  Initially, defendants were represented by counsel.

Plaintiffs subsequently filed a First Amended Complaint, which alleged claims for: (1) strict products liability; (2) products liability based on manufacturing and design defects; (3) products liability based on a failure to warn; (4) fraud; and (5) products liability on a negligence theory.  (Dkt. No. 17.)  Defendants filed an answer to the First Amended Complaint.  (Dkt. No. 21.)

After the filing of the answer, defendants' counsel filed a motion to withdraw as from the representation.  (Dkt. Nos. 23-24.)  On February 26, 2009, the court granted the motion to withdraw and cautioned defendants that, pursuant to the court's local rules and applicable case law, the Corporate Defendants could not appear in the action without legal counsel because they are corporations.  (Dkt. No. 26 at 2-4; see also E. Dist. Local Rule 183(a).)

The Corporate Defendants failed to retain counsel despite the court's order directing them to do so, and the court's related warning that failure to do so would result in the entry of default against non-complying corporate defendants.  (See Dkt. No. 28.)  Accordingly, on November 25, 2009, the court granted plaintiffs' request for entry of default and directed the

---

[1] This case is related to Dillard, et al. v. Victoria M. Morton Enterprises, Inc., et al., No. 2:08-cv-1339 FCD KJN PS, which is also pending before this court.  These cases are related, but not consolidated.  This order is limited to the Galtieri-Carlson action.

Clerk of Court to enter default against the Corporate Defendants. (Dkt. Nos. 30, 31.)

On March 17, 2010, plaintiffs filed an application for default judgment in the related Dillard case, which the court deemed filed in this case. (See Galtieri-Carlson, Dkt. No. 34; Dillard, Dkt. No. 44.) On April 14, 2010, plaintiffs in the Dillard action filed a proof of service indicating that they served the Corporate Defendants, which are defendants in that action, with the application for default judgment.

On April 23, 2010, the undersigned denied plaintiffs' application for default judgment in a lengthy order. (Dkt. No. 36.) In short, the undersigned denied plaintiffs' application without prejudice and provided plaintiffs with an opportunity to file supplemental briefing and evidence in support of their application. On June 23, 2010, plaintiffs filed a perfunctory declaration declining the court's invitation to file supplemental materials, but requesting a "prove up" hearing on plaintiffs' application for default judgment. (See White Decl. ¶ 2, Dkt. No. 40.) The undersigned granted plaintiff's request for a hearing, and the prove-up hearing related to plaintiffs' renewed application for default judgment is presently set for September 29, 2010. (Dkt. No. 43.)

On June 29, 2010, the court granted plaintiffs' request for the voluntary dismissal of defendant Victoria M. Morton and dismissed Ms. Morton from this action without prejudice. (See Dkt. Nos. 37, 41.)

Despite having been served with plaintiffs' application for default judgment and the court's orders, the docket reveals that Ms. Morton has not appeared or participated in this action since withdrawal of counsel for both her and the Corporate Defendants in February of 2009. The same is true of the Corporate Defendants, for whom Ms. Morton serves or served as a principal.

II. DISCUSSION

Plaintiffs' request that the court strike the Corporate Defendants' answer to the First Amended Complaint on the grounds that a corporation or similar entity may not appear in

federal court without counsel. Plaintiffs' motion is not premised on Federal Rule of Civil Procedure 12(f). Instead, it appears to be a motion for a sanction in the form of an order striking the Corporate Defendants' answer, which would be in furtherance of plaintiffs' application for entry of a default judgment against the Corporate Defendants.

This court's local rules provide that "[a] corporation or other entity may appear only by an attorney." E. Dist. Local Rule 183(a). Case law is in accord. It is well-settled that "[a] corporation may appear in federal court only through licensed counsel." United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (acknowledging that courts have held that the rationale for the rule requiring that corporations appear in federal court through an attorney "applies equally to all artificial entities"); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) ("It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney" (citation and quotation marks omitted, modification in original).); Church of the New Testament v. United States, 783 F.2d 771, 773-74 (9th Cir. 1986) (applying rule to unincorporated associations, such as a church).

Here, the Corporate Defendants' counsel withdrew in February of 2009, and the Corporate Defendants have failed to retain counsel since that date. This is so despite having been expressly warned by the court in September of 2009 that their failure to obtain counsel would result in the entry of default against them. (Dkt. No. 28 at 2.) Moreover, the Corporate Defendants have made no ascertainable effort to retain counsel or defend themselves in this action following the entry of default against them. Thus, the record in this action reveals that the Corporate Defendants have no intention of defending themselves in this action.

Accordingly, the undersigned will grant plaintiffs' motion and strike the Corporate Defendants' answer to plaintiffs' First Amended Complaint. "District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions

4

1 including, where appropriate, default or dismissal." Thompson v. Housing Auth. of City of L.A.,
2 782 F.2d 829, 831 (9th Cir. 1986) (per curiam).  Courts have stricken the answers of defendants
3 who have failed to defend themselves.  See Rojas v. Hawgs Seafood Bar, Inc., No. C08-03819 JF
4 (PVT), 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) (unpublished) ("When a corporation
5 fails to retain counsel to represent it in an action, its answer may be stricken and a default
6 judgment entered against it.") (citing Employee Painters' Trust v. Ethan Enters., Inc., 480 F.3d
7 993 (9th Cir. 2007) (holding that failure to retain counsel on behalf of corporation supported
8 entry of default judgment); Myers v. LHR, Inc., 543 F. Supp. 2d 1215, 1217 (S.D. Cal. 2008)
9 (addressing plaintiff's motion for entry of default judgment and noting that court had previously
10 granted plaintiff's motion to strike corporate defendant's answer for failure to retain counsel in
11 order to appear in federal court); see also Microsoft Corp. v. Marturano, No. 1:06cv1747 OWW
12 GSA, 2009 WL 1530040, at *2, 6 (E.D. Cal. May 27, 2009) (unpublished) (striking answer in
13 advance of entering default judgment against defendant who persistently failed to participate in
14 the action); United States v. Uptergrove, No. 1:06-CV-1630-AWI-GSA, 2008 WL 3850833, at
15 *3 (E.D. Cal. Aug. 13, 2008) (unpublished) (same).  The undersigned concludes that under the
16 particular facts of this case, an order striking the Corporate Defendants' answer is an appropriate
17 sanction that falls within the court's inherent authority.  No alternative sanction would be of any
18 effect in this action, where none of the defendants has made an effort to defend against this
19 lawsuit in over one year.

20 III.  CONCLUSION

21        For the foregoing reasons, IT IS HEREBY ORDERED that:

22        1.  Plaintiffs' motion is submitted on the briefs and record in this case, and
23 the hearing presently set for September 2, 2010, is vacated.

24 ////
25 ////
26 ////

2. The answer to plaintiffs' First Amended Complaint (Dkt. No. 21) is stricken insofar as it was filed on behalf of the following defendants: Victoria M. Morton Enterprises, Inc., Suddenly Slender, and Suddenly Slender International.

IT IS SO ORDERED.

DATED: August 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE